IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES A. BUTLER, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | Civil No. WMN-03-708, |
| | * | Civil No. WMN-03-797, and |
| | * | Civil No. WMN-02-4102 |
| UNITED STATES, | * | |
| | * | |
| Defendant. | * | |
| | * | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

COMES NOW Defendant, by and through counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and undersigned Matthew W. Mellady, Assistant United States Attorney for said district, and hereby submits this Response to Plaintiff's Motion to Compel.

### I.     STATEMENT OF THE CASE

Petitioner, James Butler, Federal Register Number 10256-050, is a federal inmate incarcerated in the Federal Medical Center (FMC), Rochester, Minnesota. At the time of the events giving rise to this cause of action, he was incarcerated at the Federal Correctional Institution (FCI), Cumberland, Maryland.[1]  Plaintiff filed the instant Motion asserting that staff at

---

[1] It should be noted that these cases have been dismissed and closed. However, as Plaintiff has not fully paid the $150 filing fee for each case, issues continue to arise. Arguably, Plaintiff should be required to challenge the alleged improper conduct by FMC Rochester staff by filing a complaint in the U.S. District Court for the District of Minnesota, as the issue in fact does not relate to this case.

FMC, Rochester continue "to encumberd [sic] funds from plaintiff [sic] account and hold them in violation of the Court Orders since March 3, 2006." [2]

## II.  ARGUMENT

**A.     Plaintiff's Motion Should be Denied Because Plaintiff Failed to Exhaust His Administrative Remedies.**

According to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997(e) (emphasis added).  In Booth v. Churner, 532 U.S. 731, 733-34 (2001), a unanimous Supreme Court held that Congress mandated completion of any prison administrative remedy process capable of addressing the inmate's complaint and providing some form of relief.  In Porter v. Nussle, 534 U.S. 516, 532 (2002), a unanimous Court again emphasized the mandatory nature of the PLRA exhaustion requirement, applying it broadly to "all inmate suits about prison life."  The Court noted that although dismissal of a claim not yet administratively exhausted was once within the discretion of the district court, courts no longer enjoyed that discretion in view of the PLRA, and were required to dismiss the action, stating, "[o]nce within the discretion of the district court, exhaustion in cases covered by §1997e(a) is now mandatory."  Id. at 524 (citing Booth v. Churner, 532 U.S. at 740).  See also Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005) (recognizing the

---

[2] Based on the document Plaintiff attaches, he must mean August 3, 2006, which corresponds with his transfer to FMC, Rochester.

mandatory nature of exhaustion and that exhaustion is a prerequisite to suit that must be completed prior to filing action).  While Porter v. Nussle concerned a challenge to conditions of confinement, the Supreme Court's description of the rationale for exhaustion is instructive in the habeas context:

> Beyond doubt, Congress enacted §1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.  In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation.  In other instances, the internal review might "filter out some frivolous claims."  And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Id. at 525. See McKart v. United States, 395 U.S. 185, 193-95 (1969); Volvo GM Heavy Truck Corp. v. U.S. Dep't of Labor, 118 F.3d 205, 208-10 (4th Cir. 1997) (citing McCarthy v. Madigan, 503 U.S. 140, 144-46 (1992); Darby v. Cisneros, 509 U.S. 137, 147, 153-54 (1993)) (holding that all APA claims are statutorily subject to an exhaustion requirement, and claims that are not statutorily subject, may be subject to an exhaustion requirement at the district court's discretion).

Furthermore, a party is required to properly exhaust all administrative remedies prior to seeking relief in federal court.  The Supreme Court has held that "proper exhaustion of administrative remedies . . . 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Woodford v. Ngo, 126 S. Ct. 2378, 2386 (2006)(quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir.2002)).  "'To exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim.' . . . Thus, the inmate must actually and strictly comply with the requirements of the

administrative processes." Nicholas v. Ozmint, C/A No. 8:05-3472-RBH, 2006 WL 2711852, at *7 (D.S.C. Sept. 20, 2006)(quoting Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir.2002)). By failing to strictly comply with the requirements of the Bureau's administrative processes, Plaintiff is asking the Court to ignore the well-established exhaustion requirement. The Court should not allow Plaintiff to circumvent the Bureau's administrative remedy process and seek remedy for issues unrelated to this case which occurred in the District of Minnesota.

The Bureau has established an Administrative Remedy Program for inmates to seek review of concerns related to their confinement in 28 C.F.R. § 542.10, et seq. Inmates may initially attempt informal resolution. 28 C.F.R.§ 542.13. If an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form at the institution level within twenty calendar days of the date of the occurrence on which the complaint is based. 28 C.F.R.§ 542.14(a). If an inmate is not satisfied with the Warden's response, he may appeal, using the appropriate form, to the Regional Director within twenty calendar days of the Warden's response. 28 C.F.R. § 542.15(a). If the inmate is still not satisfied, he may appeal the Regional Director's response to the Office of General Counsel, Washington, D.C., using the appropriate forms. 28 C.F.R. § 542.15(a). The inmate must file this final appeal within thirty calendar days of the date the Regional Director signed the response. 28 C.F.R. § 542.15(a). An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels.

In the instant case, Plaintiff complains that staff are encumbering his commissary trust fund account in violation of the Court's PLRA filing fee Orders. However, the encumbrances on

his account are unrelated to his Court filing fees.  Rather, they are related to internal Bureau of Prisons issues.  See Exhibit 1, Declaration of Dee Hammel, Inmate Services Supervisor, ¶¶ 4-5.  Plaintiff did file an administrative remedy at the institution level and appealed to the Regional Office complaining about payments not going to the Court, but he did not pursue that matter to the Central Office before seeking judicial review.  See Exhibit 2, Declaration of Alecia Sankey, Attachment A.  He does not allege or demonstrate such an appeal.  His failure fully to avail himself of the Administrative Remedy Program has deprived the Bureau of the opportunity to investigate and appropriately address his concerns about this issue prior to defending their actions.  Proper exhaustion would permit Plaintiff to fully articulate his complaint.  Additionally, it would permit the Bureau to fully explain its policy to Plaintiff and the policy's application to his particular case.  Had Plaintiff exhausted his remedies, he may have had a better understanding of the trust fund program, including the process for encumbering an inmate's account and the reasons for the encumbrances here.  By filing this motion suit prior to the completion of the administrative remedy process, Plaintiff has required the government to expend valuable resources from both the judiciary and the executive branch simultaneously.  Based on the foregoing, Plaintiff failed to exhaust his administrative remedies and his motion should be denied and his claim should not be entertained here.

**B.**     **Plaintiff's Commissary Account has not been Improperly Encumbered**

The Prison Litigation Reform Act (PLRA) provides:

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.  The court shall assess and, when funds exist, collect as a

> partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

*28 U.S.C. § 1915(b)(1)*. In addition to this initial filing fee, 28 U.S.C. § 1915(b)(2) provides that:

> [T]he prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

The Court Orders in question (see *e.g.* paper No. 6 in case 03-cv-708), instructed Plaintiff to make monthly payments of 20% of *each* preceding month's income credited to his account as continued partial payments on the remainder of his filing fee in each case. Because Plaintiff has spent funds from his account resulting in the balance dropping below $10, to facilitate Plaintiff's payment of the filing fees, Bureau of Prisons (BOP) officials encumber any deposits into petitioner's account. Any encumbered funds over $10.00 are used to make payments toward petitioner's filing fee installment payments, but only that amount over $10 is forwarded to the Court. Staff will not take any funds that will cause his account to drop below $10. See Exhibit 1, Declaration of Dee Hammel, Inmate Services Supervisor.

In addition, inmates' accounts may be encumbered for internal BOP issues such as the cost of medical co-payments or photocopies or postage stamps.³ Id..  Plaintiff does not mention this at all, but it is the main reason his funds have been encumbered.  Id.

Plaintiff does not expressly state how the Court's Orders have been violated.  It appears, that he is asserting that BOP officials may only send funds to the Court if his account balance exceeds $10, but to the extent the balance is below $10, staff cannot do anything with his account.  Still, he does not specify exactly what alleged conduct is in violation of the Court's Orders.  Moreover, Plaintiff ignores one simple truth: although the Court will not *order* him to pay anything toward his filing fees if his account balance is less than $10, the Court has not *prohibited* him from voluntarily making any such payments.

Ultimately, however, based on the facts as set forth, there is no justification for the Court to enter an Order compelling BOP staff to do anything, and Plaintiff's Motion should be denied.

### C.   Plaintiff is not entitled to Mandamus Relief

The Fourth Circuit has clearly articulated the prerequisites for the issuance of a writ of mandamus.  Mandamus relief is available only when the petitioner has a clear right to the relief sought, the respondent has a clear duty to perform the act requested, and the petitioner has no other adequate remedy. In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir.1988); see In re Beard, 811 F.2d 818, 826-827 (4th Cir. 1987). Mandamus is a drastic remedy and should be

---

³While BOP policy does allow staff to waive the cost of postage stamps or copying, they are not required to do so. See 28 C.F.R. §§ 540.21 and 543.11(g), which also call for limitations to providing these with no cost to the inmate.

used only in extraordinary circumstances. <u>Kerr v. United States Dist. Court</u>, 426 U.S. 394, 402, 48 L.Ed.2d 725 (1976).

In this case, Plaintiff fails to meet the first standard for issuance of a writ of mandamus. The petitioner must have a clear and indisputable right to the relief sought. <u>See</u> <u>Allied chem. Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 35, (1980); Beard, 811 F.2d at 826. Plaintiff has failed to show that he has a right to the relief sought as he alleges non-compliance with the Court order, but his argument is without merit. The institution is in full compliance with the respective order regarding the payment of Plaintiff's filing fees; therefore, he is not entitled to the relief he seeks. Because his account has not exceeded $10, no money has been taken and forwarded to the Court. As Plaintiff fails to meet the first prerequisite for a writ of mandamus, his request is without merit and should be denied.

In addition, Plaintiff has not shown that outside the PLRA context the BOP does not have the authority to encumber his account. Nor has he demonstrated that Defendant has a duty to in fact release the funds. Absent more, the instant motion should be denied.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to compel should be denied.

        Respectfully submitted,

        Rod J. Rosenstein
        United States Attorney

By: \_\_/s/_____
        Matthew W. Mellady
        Special Assistant United States Attorney
        302 Sentinel Drive, Suite 200
        Annapolis Junction, Maryland 20701
        301-317-3120

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| JAMES A. BUTLER, | * |
| Plaintiff, | * |
| vs. | * Civil No. WMN-03-708, |
|  | * Civil No. WMN-03-797, and |
| UNITED STATES, | * Civil No. WMN-02-4102 |
| Defendant. | * |

## ORDER

UPON CONSIDERATION of the response to Plaintiff's motion to compel and any response thereto, the record in this case and the applicable law, it is this ____ day of _____, 2008:

ORDERED that the Clerk shall mail a copy of this order to counsel and the pro se plaintiff and close this case.

_____
William M. Nickerson
United States District Judge

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment, was mailed this 23rd day of May, 2008 to:

James A. Butler
Federal Medical Center
Fed. Reg. No. 10256-050
P.O. Box 4000
Rochester, Minnesota 55903

                                                                    _____
                                                                    Matthew W. Mellady
                                                                    Special Assistant United States Attorney