IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES A. BUTLER, | * |
| Plaintiff, | * |
| vs. | * Civil Nos. WMN-03-708, 797 and 4102 |
| UNITED STATES, | * |
| Defendant. | * |

## DECLARATION OF DEE HAMMEL

In accordance with the provision of United States Code, Title 18, §1746, I, the undersigned Dee Hammel, do hereby make the following declaration pertinent to the above-styled cause of action:

1. I, Dee Hammel, am currently the Inmate Services Supervisor at the Federal Medical Center (FMC) Rochester, Minnesota. I have held this position since 2001. I began my career with the Bureau of Prisons in 1985. In this position, among other duties, I oversee the inmate Trust Fund and supervise staff who work with the Trust Fund. The Trust Fund includes the inmate commissary accounts.

2. In this position I have access to the records and information maintained by the Bureau of Prisons in the ordinary course of business, including those of inmates currently and formerly confined at FMC Rochester, including records and information pertaining to inmate James Butler, Federal Register No. 10256-050.

3. I am familiar with the Motion that inmate Butler has filed complaining that staff at FMC Rochester have violated the Court's order regarding filing fees owed in his cases. However,

       although we have tried to explain to Mr. Butler how the system works, we have been unsuccessful in clarifying what is going on. Contrary to his belief, the Bureau of Prisons has not encumbered his commissary trust fund account for purposes solely related to the PLRA or collection of filing fees.

4. As Inmate Services Supervisor, I am familiar with the process of working with inmates and the Courts to see that filing fees are paid pursuant to the PLRA. Specifically, when an inmate is making installment payments to a court, each month we send 20% of the previous months deposits to the court. However, we are not allowed to forward payments if the result would be that the account balance would drop below $10. To ensure inmates make these payments, we encumber or freeze their accounts during the month. At the end of the month, if the balance exceeds $10, we forward either the amount over $10 or 20% of the previous months deposits, whichever is less, to the court. Similarly, if an inmate owes the government funds for internal BOP issues (medical co-pays, etc.) we can encumber his account. However, as with PLRA filing fees, if the amount in the account is less than $10, we will not take the money.

5. Inmate Butler has incurred $3.21 of encumbrances for internal BOP issues (e.g. medical co-pay, postage and photocopies - Specifically, the debt encumbrance for $0.04, numbered FICD0506-1144 is related to a medical co-payment he must pay for medical care he received) and $0.19 for a new PLRA filing fee (October 1, 2007) for a case he filed in the District of Maryland, case no. WMN-07-463, for a total of $3.40 worth of encumbrances. His account balance shows up as $3.40, but all that money is encumbered currently. However, none of the encumbrances relate to any of his previous cases filed in the District

of Maryland. The only encumbrance related to court filing fees pursuant to the PLRA is for $0.19 and arose out of a case he filed in the District of Maryland in 2007.

6. Attached hereto as <u>Attachment A</u> is a true and accurate copy of the Trust Fund TRUFACS account report showing deposits, withdrawals, encumbrances and PLRA payments from inmate Butler's account since his transfer from the Federal Correctional Institution in Edgefield, SC to FMC Rochester. Despite the encumbrances, on August 8, 2006, with $12.81 on his account, he shopped in the commissary and purchases $9.60 worth of items, taking his balance to $3.21 (encumbrances to date at the time). He subsequently incurred the $0.19 filing fee encumbrance for the case he filed in 2007.

7. In this case, inmate Butler's account has been encumbered. However, because the funds do not exceed $10, we do not forward them to the Court, nor do we take them to satisfy his BOP obligations. He is not currently working, nor is he getting money in from outside individuals. Therefore, we are at a stand-still regarding the encumbrances and his ability to shop in the commissary or otherwise expend the funds.

I declare under the penalty of perjury, the foregoing is true and correct, to the best of my knowledge.

Executed on this 22nd day of May, 2008.

*Dee Hammel*
Dee Hammel
Inmate Services Supervisor
FMC Rochester