IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES A. BUTLER | * | |
| v. | * | Civil Action No. WMN-01-3770 (D.Md.) |
| | | Civil Action No. WMN-02-4102 (D.Md.) |
| GUNJA et al. | * | Civil Action No. WMN-03-708 (D.Md.) |
| | | Civil Action No. WMN-03-797 (D.Md.) |
| | * | Civil Action No. WMN-03-1798 (D.Md.) |
| | | Civil Action No. WMN-04-2496 (D.Md.) |
| | * | Civil Action No. WMN-05-387 (D. Md.) |
| | | Civil Action No. WMN-07-463 (D.Md.) |

******

**O R D E R**

Plaintiff, who is currently confined at the Federal Medical Center in Rochester, Minnesota, filed a Motion to Compel the U.S. Bureau of Prisons ("BOP") to Follow Court Orders Pursuant to the PLRA. He complains that BOP officials are "encumbering" funds from his account and holding them in violation of court orders since March of 2006. He asks that the BOP be compelled to send partial filing fee payments to the Court if the account exceeds $10.00.

Plaintiff is seeking enforcement of 28 U.S.C. § 1915(b) (2), which provides that:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The collection of partial filing fee payments in Plaintiff's cases under that Prison Litigation Reform Act ("PLRA") provision is complicated by the sheer number of civil actions filed by Plaintiff in the district and circuit courts throughout the United States. Plaintiff has filed

approximately 30 cases in this court. According to the docket, he has been ordered to pay district and/or circuit court filing fees in the following cases.[1]

> *Butler v. Department of Justice, et al.*, Civil Action No. WMN-00-920 (D.Md.);
> *Butler v. Johnson, et al.*, Civil Action No. WMN-01-2345 (D.Md.);
> *Butler v. Gunja, et al.*, Civil Action No. WMN-01-3770 (D.Md.);
> *Butler v. Warden, et al.*, Civil Action No. WMN-02-4102 (D.Md.);
> *Butler v. Dep't of Justice, et* al., Civil Action No. WMN-03-708 (D.Md.);
> *Butler v. BOP, et al.*, Civil Action No. WMN-03-797 (D.Md.);
> *Butler v. Shearin, et al.*, Civil Action No. WMN-03-1798 (D.Md.);
> *Butler v. Shearin, et al.*, Civil Action No. WMN-04-2496 (D.Md.);
> *Butler v. Department of Justice, et al.*, Civil Action No. WMN-05-387 (D. Md.); and
> *Butler v. Barbuak, et al.*, Civil Action No. WMN-07-463 (D.Md.).

The Court observes that on December 11, 2007, Plaintiff filed a petition for writ of habeas corpus in the United States District Court for the District of Minnesota raising the following claim:

> "The Federal Medical Center, Rochester MN, have encumbered funds from my account and refused to forward described payments to the Clerk of Court. [¶] Petitioner have numerous ORDERS from 4 court that petitioner SHALL MAKE payments of 20% of each proceding [sic] month's income credited to his account as payment. (28 U.S.C. § 1915(b)(2)). Also, I have requested the balance on these accounts and Respondent have refused to do so. I also applied as indicated thru FOIA, but no response. I have requested that funds that were encumbered to be applied. These funds are being held unlawful and the institution is [in] violation of the Court's ORDER. I am enclosing one of the ORDERS of numerous that institution is in violation of."

*See Butler v. Terrell*, Civil Action No. RHK-07-4807 (D. Minn.)

The petition was dismissed, the district court finding that a court order compelling the Warden at FMC-Rochester to comply with fee payment orders issued by other courts is not available in a habeas corpus action. *See Butler v. Terrell*, Civil Action No. RHK-07-4807 (D. Minn.) at Paper Nos. 3 & 4. The Minnesota district court further indicated that even if the claims were presented in a "more proper pleading" the action would still be dismissed as Plaintiff was not seeking relief for any alleged violation of any rights or interests protected by federal law or the Constitution. It

---

[1] The PACER docket illustrates that Plaintiff has been ordered to pay filing fees in other district and circuit courts. This order only pertains to PLRA court orders issued in this district.

suggested that Plaintiff seek relief in the court that issued the payment order.  *See Butler v. Terrell*, Civil Action No. RHK-07-4807 (D. Minn.) at Paper Nos. 3 & 4.

In appears that Plaintiff has filed the instant Motion in response to the Minnesota decision. Without commenting on whether Plaintiff may in fact file a civil action in mandamus or other to compel FMC-Rochester authorities to comply with court order, the Court shall require the BOP to provide a show cause response to Plaintiff's Motion.

Accordingly, IT IS this 2nd day of June, 2008, by the United States District Court for the District of Maryland hereby ORDERED that:

1. The U.S. Bureau of Prisons SHALL RESPOND to Plaintiff's Motion to Compel on or before FORTY-FIVE (45) DAYS from the entry date of this Order; and

2. The Clerk SHALL MAIL a copy of this Order to Plaintiff and SHALL PROVIDE a copy of this Order and Plaintiff's Motion to Compel to Assistant United States Attorney Allen F. Loucks, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201.

/s/
_____
William M. Nickerson
Senior United States Judge