IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES A. BUTLER,                          *
                                          *
                                          *
              Plaintiff,                  *
vs.                                       *
                                          *
                                          *   Civil No. WMN-02-4102
                                          *
WARDEN                                    *
                                          *
                                          *
                                          *
              Defendant.                  *

## DECLARATION OF DEE HAMMEL

In accordance with the provision of United States Code, Title 18, §1746, I, the undersigned

Dee Hammel, do hereby make the following declaration pertinent to the above-styled cause of

action:

1.     I, Dee Hammel, am currently the Inmate Services Supervisor at the Federal Medical Center

(FMC) Rochester, Minnesota. I have held this position since 2001. I began my career with

the Bureau of Prisons in 1985. In this position, among other duties, I oversee the inmate

Trust Fund and supervise staff who work with the Trust Fund. The Trust Fund includes the

inmate commissary accounts.

2.     In this position I have access to the records and information maintained by the Bureau of

Prisons in the ordinary course of business, including those of inmates currently and formerly

confined at FMC Rochester, including records and information pertaining to inmate James

Butler, Federal Register No. 10256-050.

3.     I am familiar with the Motion that inmate Butler has filed complaining that staff at FMC

Rochester have violated the Court's order regarding filing fees owed in his cases. However,

although we have tried to explain to Mr. Butler how the system works, we have been unsuccessful in clarifying what is going on. Contrary to his belief, the Bureau of Prisons has not encumbered his commissary trust fund account for purposes solely related to the PLRA or collection of filing fees.

4.  As Inmate Services Supervisor, I am familiar with the process of working with inmates and the Courts to see that filing fees are paid pursuant to the PLRA. Specifically, when an inmate is making installment payments to a Court, each month we send 20% of the previous month's deposits to the Court. To ensure inmates make these payments, we encumber, or freeze, their accounts during the month. At the end of the month, if the balance exceeds $10, we forward either the amount over $10 or 20% of the previous months deposits, whichever is less, to the Court. If the balance does not exceed $10, we do not take any money out of their accounts.

5.  Similarly, if an inmate owes the government funds for internal BOP issues (medical co-pays, photocopies, postage, etc.) we can encumber his account. Unlike with PLRA filing fees, however, if the amount in the account is less than $10, we are permitted to take the money from his account to pay the government debts once the full amount of the debt has been encumbered. If an inmate owes both the Court for PLRA filing fees and the government for other debts, PLRA fees have priority and will be encumbered and paid from the inmate's account first. Furthermore, if an inmate owes PLRA filing fees for several different suits, the filing fees for the oldest cases are paid first.

6.  Inmate Butler is housed at FMC Rochester, which is a medical center. Inmate Butler is designated here to receive medical treatment. Because of his medical condition, he is not

2

working and not being paid, and therefore no money has been added to his account. He is

also not receiving any money from outside sources. Because all of his funds have been

encumbered and no money is coming in, we are at a standstill with his ability to pay any of

his debts to the Court or the government.

7.    Attached hereto as Attachment A is a true and accurate copy of the Trust Fund TRUFACS

account report showing deposits, withdrawals, encumbrances and PLRA payments from

inmate Butler's account since his transfer from the Federal Correctional Institution in

Edgefield, SC to FMC Rochester. When an inmate is transferred from one institution to

another, the money in his account is transferred as well. In addition, the system is set up to

automatically review inmates' accounts on the first of the month to determine whether the

balance exceeds $10 and therefore PLRA filing fees can be withdrawn. If, however, during

the month an inmate receives deposits into his account that put his balance over $10, the

system does not take them until the first of the following month. Inmate Butler took

advantage of this system when he was transferred to FMC Rochester. Upon his arrival, his

funds from his prior institution ($7.56) were deposited into his account and he received

inmate performance pay ($5.25) for work he had performed at FCI, Edgefield, which brought

his account balance to $12.81 on August 7, 2006. See Attachment A. On August 8, 2006,

he shopped in the commissary and purchased $9.60 worth of items, taking his balance to

$3.21. When September 1, 2006, arrived and the system reviewed his account, it was below

$10 and therefore no funds were withdrawn to pay any PLRA filing fees.

8.    To ensure inmates can maintain contact with friends, family and other acquaintances in the

community, the trust fund has a separate telephone account which can neither be encumbered

3

nor can funds be withdrawn for PLRA filing fees or other debts owed the government. On October 24, 2006, because of a telephone system conversion, all funds in inmates' telephone accounts were transferred to their commissary accounts. Inmate Butler had $1.99 in his phone account, all of which was transferred to his commissary account. The next day he returned $1.00 to his phone account. The day after that, he again shopped in the commissary, spending $.80 resulting in a balance of $3.40 ($3.21 of which was encumbered) leaving him with $.19. There were no further transactions on his account for nearly a year.

9. During 2007, he filed a new lawsuit in the District of Maryland (07-463), resulting in a filing fees order, dated September 12, 2007, (attached hereto as Attachment B). On the first day of the following month (October 1, 2007), the system reviewed his account and, finding that he had less than $10 in the account, the remaining $.19 was encumbered for the PLRA filing fee in case 07-463, but the money was not taken out of his account. (During our investigation into Inmate Butler's case, we reviewed this particular PLRA filing fee payment and discovered that the initial filing fee had been waived by the Court for the 2007 case. The payment was therefore released but then immediately encumbered once again to pay a PLRA filing fee payment for another case. Thus, the $.19 payment is appropriate, but for a case other than his most recent one.)

10. Inmate Butler has incurred $3.21 of encumbrances for internal BOP issues (e.g. medical co-pay, postage and photocopies) and $0.19 for a new PLRA filing fee, for a total of $3.40 worth of encumbrances. His account balance shows up as $3.40, but all that money is encumbered currently. However, for reasons currently unclear to me, the filing fees encumbrances for his prior cases do not appear on his account. The only encumbrance

4

related to court filing fees pursuant to the PLRA is for $0.19.

11.      In this case, inmate Butler's account has been encumbered to pay PLRA filing fees and other debts owed to the government. However, because the funds do not exceed $10, we do not forward the PLRA payments to the Court. Because he is not currently working, nor is he getting money in from outside individuals, we are at a standstill regarding the encumbrances and his ability to shop in the commissary or otherwise expend the funds.

I declare under the penalty of perjury, the foregoing is true and correct, to the best of my knowledge.

Executed on this 3rd day of July, 2008.

_____
Dee Hammel
Inmate Services Supervisor
FMC Rochester